**Electronically Filed
Intermediate Court of Appeals
29448
12-FEB-2013
09:43 AM**

NO. 29448

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE MARN FAMILY LITIGATION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(MASTER FILE NO. 00-1-MFL;
CIVIL NOS. 98-4706-10 VSM AND 98-5371-12 VSM)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Plaintiff/Defendant/Appellant Alexander Y. Marn (**Marn**) appeals from the Order Awarding Fees and Costs Re:  James K.M. Dunn's, Successor Trustee of the Annabelle Y. Dunn Trust, Dated June 18, 1991, Amended Motion to Strike Alexander Y. Marn and Eric Y. Marn's Supplement to Memorandum in Support of Motion for Reconsideration and/or New Trial Filed May 12, 2008, Filed May 20, 2008, and Request for HRCP Rule 11 Sanctions (**Order Awarding Sanctions**), entered by the Circuit Court of the First Circuit (**Circuit Court**) on September 22, 2008.[1]

Marn raises two points of error on appeal, contending that the Circuit Court abused its discretion by:  (1) awarding attorneys' fees and costs to Plaintiff/Defendant/Appellee James K.M. Dunn, Successor Trustee of the Annabelle Y. Dunn Trust dated June 18, 1991 (**AYD Trust**), in the amount of $5,109.60 as a

---

[1]    The Honorable Victoria S. Marks presided.

sanction for filing a document entitled Submission of Reformatted Version of Supplement to Motion for Reconsideration and/or New Trial (**Reformatted Supplement**); and (2) striking the Reformatted Supplement from the record.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Marn's points of error as follows:

(1) The Circuit Court based its sanctions on the inherit power of the court set forth in Hawaii Revised Statutes (**HRS**) § 603-21.9(6) (1993),[2] as discussed in Enos v. Pacific Transfer & Warehouse, Inc., 79 Hawai'i 452, 903 P.2d 1273 (1995).

Hawai'i courts "have the inherent power and authority to control the litigation process before them and to curb abuses and promote fair process including, for example, the power to impose sanctions for abusive litigation practices." Kaina v. Gellman, 119 Hawai'i 324, 330, 197 P.3d 776, 782 (App. 2008) (quoting Bank of Hawaii v. Kunimoto, 91 Hawai'i 372, 387, 984 P.2d 1198, 1213 (1999)). The trial court's inherent power to sanction can be invoked "even if procedural rules exist which sanction the same conduct." Enos, 79 Hawai'i at 458, 903 P.2d at 1279 (citation omitted). It is within a trial court's inherent power to award attorney's fees and costs as a sanction for abusive litigation practices. See Lester v. Rapp, 85 Hawai'i

---

[2]     HRS § 603-21.9(6) provides:

> **§ 603-21.9. Powers.** The several circuit courts shall have power:
>
> . . . .
>
> (6) To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

238, 241, 942 P.2d 502, 505 (1997) (citation omitted); <u>Kukui Nuts of Hawaii Inc. v. R. Baird & Co., Inc.</u>, 7 Haw. App. 598, 624, 789 P.2d 501, 517 (1990) (citation omitted).

A court may not invoke its inherent powers to sanction a represented party without a specific finding of "bad faith," and must also "inform the party of the authority pursuant to which he or she is to be sanctioned." <u>Kaina</u>, 119 Hawaiʻi at 331, 197 P.3d at 783 (citation omitted). Hawaiʻi appellate courts have defined "bad faith" as "actual or constructive fraud or a neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." <u>Bank of Hawaii</u>, 91 Hawaiʻi at 390, 984 P.2d at 1216 (citation and internal quotation marks omitted). However, the words "bad faith" need not be explicitly stated in the sanctioning order. <u>Id.</u> In <u>Bank of Hawaii</u>, the supreme court opined:

> Although the words 'bad faith' are not recited in the order, the order makes clear that the trial judge considered Messrs. Cappello and Hudgens to have acted in bad faith. The circuit court expressly found: (1) that appellants knew or should have known that the CPB stock was in issue; (2) that appellants' conduct in receiving the stock constituted a fraud upon the court; and (3) that appellants' conduct was, at best, reckless and, at worst, knowing and intentional. These findings are tantamount to a specific finding of bad faith. In other words, these findings are sufficient to enable this court to infer a specific finding of bad faith by the circuit court.

<u>Id.</u> at 390, 984 P.2d at 1216 (citation, internal quotation marks, and brackets omitted).

In this case, even without considering any broader context of these proceedings, the Circuit Court found in a July 22, 2008 order (**Order Granting Relief**), that: (1) on May 12, 2008, Marn filed a 60-page motion for reconsideration and/or new trial, without prior approval, without a table of contents, and without a table of authorities, in violation of Hawaiʻi Rules of Circuit Court (**HRCC**) 7.1; (2) on or about May 16, 2008, Marn submitted an *ex parte* motion requesting *nunc pro tunc* approval for

having exceeded the 20-page limit set forth in HRCC 7.1, and requesting leave to file an additional 20-page pleading in support of the motion for reconsideration; (3) prior to the Circuit Court's ruling on the *ex parte* motion, on May 20, 2008, Marn filed a 20-page document entitled "Supplement to Memorandum in Support of Motion for Reconsideration and/or New Trial" (**Original Supplement**); (4) on May 21, 2008, the Circuit Court granted the *ex parte* motion, but limited any supplemental pleading to 10 pages; (5) on May 27, 2008, the Circuit Court granted an *ex parte* motion to strike the Original Supplement; (6) on May 28, 2008, Marn filed the Reformatted Supplement, which included "Exhibit A," a 10-page pleading that was substantially the same as the Original Supplement, but using a different type set (and eliminating the caption, title, date, and signature block, and reducing the left margin to less than 1 inch); and (7) on June 13, 2008, AYD Trust filed an amended motion, modifying the relief requested in a May 22, 2008 motion (and requesting, *inter alia*, that the court strike the Reformatted Supplement and award its attorneys' fees and costs as a sanction). The Circuit Court found and concluded, *inter alia*, that:

> The [Reformatted Supplement] was a blatant attempt to circumvent the 10 page limit set forth in this Court['s] order filed on May 21, 2008 in addition to being filed untimely.

We conclude that the Circuit Court's findings and conclusions (set forth in the Order Granting Relief) that Marn's filing of the Reformatted Supplement was a blatant attempt to circumvent the court's order were tantamount to a specific finding of bad faith and are sufficient for this court to infer a specific finding of bad faith by the Circuit Court. See Bank of Hawaii, 91 Hawaiʻi at 390, 984 P.2d at 1216. We reject Marn's argument that the record does not support this finding.

We conclude, however, that the Circuit Court abused its discretion by imposing monetary sanctions in connection with the filing of the Original Supplement. The Circuit Court made no

finding of bad faith, or finding tantamount to a finding of bad faith, in connection with the filing of the Original Supplement. Therefore, we vacate the imposition of sanctions to the extent that they stem from the filing of the Original Supplement.

(2) As the Circuit Court's findings and the record in this case demonstrate, the Reformatted Supplement violated both the Circuit Court Rules and the Circuit Court's May 21, 2008 order. Therefore, we conclude that Marn's contention that the Circuit Court erred in striking the Reformatted Supplement is without merit.

Accordingly, the Circuit Court's September 22, 2008 Order Awarding Sanctions is affirmed in part, vacated in part, and remanded for a determination of the sanctions attributable only to the filing of the Reformatted Supplement.

DATED: Honolulu, Hawai'i, February 12, 2013.

On the briefs:

William J. Delley
Dennis W. King
John Winnicki
(Deeley, King & Pang)
for Appellant
Alexander Y. Marn

Steven Guttman
Miriah Holden
(Kessner Umebayashi Bain
  & Matsunaga)
for Appellee
James K.M. Dunn, as Successor
Trustee of the Annabelle Y.
Dunn Trust, Dated June 18, 1991

Presiding Judge

Associate Judge

Associate Judge